IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| ORLANDO RESIDENCE, LTD., | ) | |
| | ) | Civil No. 9:89-cv-0662-DCN |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| HILTON HEAD HOTEL INVESTORS, | ) | **ORDER** |
| KENNETH E. NELSON, WALLACE H. | ) | |
| HUSTAD, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

When this case was first filed in South Carolina state court, Def Leppard's

*Hysteria* album topped the Billboard charts, athletes around the world – including the

Soviet Union and East Germany – readied themselves for the summer Olympics, a young

man named Barack Obama was about to begin his first year of study at Harvard Law

School, and the undersigned was an attorney in private practice.  Although this case was

settled two years into Bill Clinton's presidency, the matter is now before the court on two

pending motions.  The first is defendant Kenneth E. Nelson's motion to alter, amend,

vacate, and dismiss the judgment and for other relief pursuant to Rules 59(e), 12(b)(1),

12(h)(3), and 60(b) of the Federal Rules of Civil Procedure.  The second is Nelson's

motion to stay the proceedings in this case.  For the reasons set forth below, the court

denies the first motion, which renders the second motion moot.

## I.  BACKGROUND

These facts are taken from the stipulated facts included in the parties' settlement

agreement.  In December 1986, plaintiff Independence Federal Bank (Independence

Federal) loaned Hilton Head Hotel Investors (HHHI) a little over $7 million so that

HHHI could construct a hotel on land it had leased on Hilton Head Island.  Independence Federal also advanced HHHI $400,000 through execution of a promissory note.  HHHI provided security for these loans by delivering to Independence Federal a mortgage lien on its leasehold estate.  Nelson and co-defendant Wallace H. Hustad, HHHI's general partners, jointly and severally guaranteed payment on the loans that HHHI received from Independence Federal.

By August 1988, HHHI had defaulted on its loan payments and Independence Federal filed a civil complaint in South Carolina state court.  On March 17, 1989, this case was removed to federal court.  During the course of litigation Resolution Trust Corporation (RTC) was substituted as plaintiff by virtue of its appointment as the receiver for Independence Federal.

This court granted summary judgment in favor of RTC on June 24, 1991, but vacated that judgment on February 18, 1993 and set the case for trial.  On July 13, 1993, the court issued an order stating:

> The court having been advised by counsel for the parties that the above action has been settled:
>
> IT IS ORDERED that this action is hereby dismissed without costs and without prejudice to the right, upon good cause shown within ninety (90) days, to reopen the action if settlement is not consummated.

Order July 13, 1993.[1]  The case was closed that same day, but the parties later returned to court.  Although the docket does not reflect the date on which the parties asked for the case to be reopened, the court reopened the case 93 days after the July 13, 1993 Order. The court's October 14, 1993 order states:

> On July 13, 1993, this Court entered an order dismissing this case without costs after being advised by counsel that this matter had been settled.  The

---

[1] The docket entry for July 13, 1993 contains a clerical error, stating the case will only remain open for sixty days.  The text of the order itself correctly reflects the court's ninety-day deadline.

court was also advised that one of the terms of the settlement was the completion of the previously ordered sale of the real and personal property which is the subject of this action. The Court is now advised that the parties have been unable to complete the documentation of the settlement but that the parties are endeavoring to do so as expeditiously as possible.

IT IS THEREFORE ORDERED that this action is hereby dismissed, upon good cause shown, and the right to reopen the action if settlement is not consummated is to be held open for an additional period of time not to exceed December 31, 1993. It is the Court's expectation that the settlement will be consummated within this period and the property which is the subject of this action will have been sold by that time at public auction as previously ordered by the Court.

Order, October 14, 1993. The case was again dismissed "with right to reopen if settlement is not consumated [sic] before 12/31/1993." ECF No. 117. Nobody moved to reopen the case before the December 31, 1993 deadline.

The parties, who had long been working towards settlement, eventually settled the case in November 1994. The settlement agreement stipulates that, as of June 1, 1993, HHHI owed RTC principal and interest on promissory notes in the amount of $14,495,949.81. Nelson and Hustad each agreed to pay RTC $80,000 over the course of two years and to help RTC expedite the foreclosure of the hotel property at issue. To ensure their compliance with the terms of the settlement agreement, Nelson and Hustad each signed a confession of judgment in the amount of $4 million. The parties agreed that if either Hustad or Nelson missed a payment, RTC would file the relevant confession of judgment with this court. If Nelson and Hustad made all of their required payments, their confessions of judgment would be returned to their attorneys.

On May 21, 1997, Hustad's confession of judgment was filed with the court, along with a fully executed copy of the settlement agreement.

Fourteen years passed.

3

On September 19, 2011, Orlando Residence, Ltd. (ORL) moved to substitute itself as plaintiff in place of RTC.  On the same day, ORL filed Nelson's confession of judgment, which states:

> Defendant, Kenneth E. Nelson, does hereby confess judgment against himself in favor of the Plaintiff in the sum of FOUR MILLION AND NO/100 ($4,000,000.00) DOLLARS and authorizes the entry of a judgment against himself subject to the terms set forth in the Settlement Agreement by and between the RESOLUTION TRUST CORPORATION, as Receiver for INDEPENDENCE FEDERAL BANK and HILTON HEAD HOTEL INVESTORS, a Wisconsin Limited Partnership, Kenneth E. Nelson  and Wallace H. Hustad dated as of _____, 1994 (the "settlement agreement").
>
> This confession of judgment is for an indebtedness now just and due as a result of the parties' compromise settlement agreement described in their Settlement Agreement.

Nelson Confession of J.  Nelson's confession of judgment is dated July 11, 1994.

Defendants did not respond to ORL's motion to substitute itself as plaintiff, and the court granted the motion.  On October 17, 2011, Nelson moved to strike the confession of judgment from the docket.  On October 31, 2011, ORL moved to enforce the confession of judgment.  Both parties filed responses and replies, and Nelson subsequently filed a motion to strike portions of ORL's filings.  A hearing was held before this court on December 14, 2011.

On August 15, 2012, the court entered a judgment stating that "plaintiff Orlando Residence, Limited recover of the defendant Kenneth E. Nelson the amount of Four Million and no/100 ($4,000,000.00) Dollars" (the Judgment).  On the same day, the court mooted Nelson's motion to strike the confession of judgment, ORL's motion to enforce the judgment, and Nelson's motion to strike portions of ORL's response.

On August 23, 2012, Nelson filed the instant motion to alter, amend, vacate, and dismiss the Judgment and for other relief pursuant to Rules 59(e), 12(b)(1), 12(h)(3), and

4

60(b).  On August 28, 2012, Nelson moved to stay the enforcement of the Judgment in this case until after his motion to alter is decided.  The parties have fully briefed these motions and they are ripe for the court's review.

## II.   STANDARDS

### A.  Rule 59(e) Motion to Alter or Amend Judgment

Federal Rule of Civil Procedure 59(e) governs motions to alter or amend a judgment.  Though the rule does not provide a standard under which a district court may grant such motions, the Fourth Circuit has recognized "three grounds for amending an earlier judgment:  (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice."  Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998) (citing EEOC v. Lockheed Martin Corp., 116 F.3d 110, 112 (4th Cir. 1997); Hutchinson v. Staton, 994 F.2d 1076, 1081 (4th Cir. 1993)).  Rule 59(e) provides an "extraordinary remedy that should be used sparingly."  Pac. Ins. Co., 148 F.3d at 403 (internal citation omitted); Wright v. Conley, Docket No. 10-cv-2444, 2013 WL 314749, at *1 (D.S.C. Jan. 28, 2013).

### B.  Rule 12(b)(1) and 12(h)(3) Motion to Dismiss for Lack of Subject Matter Jurisdiction

Under Federal Rules of Civil Procedure 12(b)(1) and (h)(3), a court must dismiss a civil action if it determines that it lacks subject-matter jurisdiction.  The question of subject matter jurisdiction may be raised at any time during the course of the lawsuit.  Arbaugh v. Y&H Corp., 56 U.S. 500, 514 (2006).  "Motions brought pursuant to Rule 12(h)(3) are subject to the same standards as motions to dismiss for want of subject matter jurisdiction brought pursuant to Rule 12(b)(1)."  Perrodin v. United States, 350 F.

Supp. 2d 706, 708 n.1 (D.S.C. 2004) (citing <u>Berkshire Fashions, Inc. v. M.V. Hakusan II</u>, 954 F.2d 874, 880 n.3 (3d Cir. 1992) and <u>Brotman v. United States</u>, 111 F. Supp. 2d 418, 420 n.1 (S.D.N.Y. 2000)).

When considering a motion to dismiss for lack of subject matter jurisdiction, "the district court is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." <u>Richmond, Fredericksburg & Potomac R.R. Co. v. United States</u>, 945 F.2d 765, 768 (4th Cir. 1991) (citing <u>Trentacosta v. Frontier Pac. Aircraft Indus.</u>, 813 F.2d 1553, 1558 (9th Cir. 1987)). "The court may dismiss a case for lack of subject matter jurisdiction on any of the following bases:  (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." <u>Boyd v. Angelica Textile Servs., Inc.</u>, No. 10-cv-0872, 2011 WL 4368550, at *1 (D.S.C. Sept. 19, 2011) (internal citations omitted), <u>aff'd</u>, 466 F. App'x 288 (4th Cir. 2012), <u>cert. denied</u>, 133 S. Ct. 437 (2012).

### C.  Rule 60(b) Motion for Relief from Judgment

Rule 60(b)(4) allows a district court to vacate an otherwise final order only if "the judgment is void." Fed. R. Civ. P. 60(b)(4).  "An order is 'void' for purposes of Rule 60(b)(4) only if the court rendering the decision lacked personal or subject matter jurisdiction or acted in a manner inconsistent with the due process of law." <u>Wendt v. Leonard</u>, 431 F.3d 410, 412 (4th Cir. 2005).  While this statement sounds rather broad, the Fourth Circuit "narrowly construe[s] the concept of a 'void' order under Rule 60(b) (4)" precisely because of the threat to finality of judgments.  <u>Id.</u>  A judgment will be

rendered void only in the rare instance that a court has "clearly usurp[ed]" its legitimate power to exercise jurisdiction.  In re Bulldog Trucking, Inc., 147 F.3d 347, 352 (4th Cir. 1998).

Rule 60(b)(6) allows a district court to relieve a party from a final judgment "for any other reason that justifies relief."  "While this catchall reason includes few textual limitations, its context requires that it may be invoked in only 'extraordinary circumstances' when the reason for relief from judgment does not fall within the list of enumerated reasons given in Rule 60(b)(1)-(5)."  Aikens v. Ingram, 652 F.3d 496, 501 (4th Cir. 2011) (en banc).

## III.  DISCUSSION

Nelson presents a lengthy list of reasons why the Judgment entered against him should be vacated or nullified.  None of these arguments is availing, but the court nevertheless discusses them in turn.

### A.  Dismissal Pursuant to Rules 12(b)(1) and 12(h)(3), and Alteration Pursuant to 59(e)

Nelson contends the Judgment should be dismissed pursuant to Rules 12(b)(1) and 12(h)(3), as well as altered under Rule 59(e), because the court lacks subject matter jurisdiction.  Nelson argues that "there is no showing of subject matter jurisdiction and the Court did not determine that is has subject matter jurisdiction."  Def.'s Mot. to Alter J. 5.  Nelson bolsters his position with arguments related to standing, retention of jurisdiction, and notice and filing requirements.  In a spasm of chutzpah, he suggests that allowing the judgment to stand would be clear error under Rule 59(e).

### a. Subject Matter Jurisdiction

Subject matter jurisdiction is "the power to hear and determine cases of the general class to which the proceedings in question belong." Storm M.H. ex rel. McSwain v. Charleston Cnty. Bd. of Trs., 735 S.E.2d 492, 487 (S.C. 2012); Holloway v. Pagan River Dockside Seafood, Inc., 669 F.3d 448, 453 (4th Cir. 2012) ("[S]ubject matter jurisdiction relates to a federal court's power to hear a case."); Gerard v. Lee, No. 12-cv-2516, 2012 WL 6727372, at *4-5 (D.S.C. Nov. 15, 2012) ("Subject matter jurisdiction focuses on the power of the court to hear a claim and that power is generally conferred by the basic statutory grants of subject matter jurisdiction, such as 28 U.S.C. § 1331 or 28 U.S.C. § 1332."). 28 U.S.C. § 1332(a) states that federal districts courts have original jurisdiction over all civil matters in which the amount in controversy exceeds $75,000 and the parties are citizens of different states.

The court currently considers the validity of the Judgment entered on August 15, 2012 pursuant to Nelson's confession of judgment. Decades ago, when this lawsuit was removed from state court, the court determined that it could properly exercise subject matter jurisdiction over this case. Subject matter jurisdiction continues to be proper pursuant to 28 U.S.C. § 1332 because Nelson and ORL are residents of different states and the amount in question well exceeds $75,000. While Nelson contends that the confession of judgment is defective for a number of reasons, those arguments do not address whether the court may exercise subject matter jurisdiction over this dispute. Nelson's arguments – that ORL lacks standing, that the judgment is void, that any claim to enforce the settlement agreement is time-barred, and so on – instead go to the question of whether the entry of judgment is valid.

In short, the court has subject matter jurisdiction over this case.

**b.  Standing**

Nelson also asserts that the court must dismiss or vacate the Judgment because ORL lacks standing.

To satisfy the constitutional standing requirement, a plaintiff must demonstrate that: (1) he or she has suffered an injury-in-fact; (2) the injury is traceable to the defendant's complained-of conduct; and (3) it is likely that the injury would be redressed by a favorable court decision.  Friends of the Earth, Inc. v. Laidlaw Envtl. Servs., Inc., 528 U.S. 167, 180-81 (2000); Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992); Doe v. Obama, 631 F.3d 157, 160 (4th Cir. 2011).  The plaintiff's injury-in-fact must be concrete and particularized, as well as actual or imminent.  S. Carolina Wildlife Fed'n v. Limehouse, 549 F.3d 324, 329 (4th Cir. 2008) (citing Lujan, 504 U.S. at 560).  Traceability refers to causation.  A plaintiff successfully demonstrates traceability if he or she shows that his or her injury was caused by a defendant's actions, and not the actions of some independent third party not before the court.  Dixon v. Edwards, 290 F.3d 699, 711 (4th Cir. 2002).  Finally, redressability assures the relevance of judicial intervention.  Plaintiffs must show that it is likely, and not merely speculative, that a favorable decision will remedy the injury.  Id.

Nelson contends that ORL has not alleged sufficient facts to demonstrate standing and that there are "multiple defects in ORL's claim to ownership of the settlement agreement and confession of judgment."  Def.'s Mot. to Alter J. 8.  These arguments suffer from a fatal flaw.  This court determined – more than a year ago – that ORL should

be properly substituted as the plaintiff in this case.  Order, Oct. 17, 2011.  Nelson failed to object to this substitution, despite the opportunity to do so.[2]

The court has previously adjudicated the propriety of substituting ORL as the plaintiff in this case.  Because ORL has assumed the status of plaintiff, it undoubtedly has standing to enter Nelson's confession of judgment.  ORL has demonstrated that it has an injury-in-fact by explaining that the payments required by the settlement agreement were not received, that Nelson caused the injury by failing to make the necessary payments, and that the court can redress this injury by enforcing the confession of judgment.

Nelson's argument that ORL lacks standing to enter the confession of judgment is unavailing.

### c.  Retention of Jurisdiction to Enforce the Settlement Agreement

Nelson next suggests that this court lacks jurisdiction to enforce the settlement agreement and confession of judgment because it did not specifically retain jurisdiction over the settlement agreement when it dismissed the case.  This argument misses the mark because the court is not tasked with enforcing the settlement agreement.

While "[a] trial court possesses the inherent authority to enforce a settlement agreement and to enter judgment based on that agreement," Williams v. Professional Transp., Inc., 294 F.3d 607, 613 (4th Cir. 2002) (citing Petty v. Timken, 849 F.2d 130, 132 (4th Cir. 1988)),[3] the court need not determine whether it has jurisdiction to enforce

_____

[2] *After* the court granted ORL's motion to substitute itself as plaintiff in this case, Nelson moved to strike the confession of judgment.  In his accompanying memorandum, Nelson makes the brief and conclusory argument that "ORL has submitted no proof that it is a successor or assignee of the Settlement Agreement referenced in Docket 130."  Def.'s Mem. in Support of Mot. to Strike Docket 130 at 15.  This argument is too little, too late.

[3] "Generally, if a federal court dismissed the original action due to settlement of the claims, a later motion for enforcement of the settlement is purely a matter of state contract law, and the federal court must have 'some independent basis for federal jurisdiction' to resolve the dispute."

the settlement agreement in this case. Rather, the court must determine the validity of the Judgment, which was entered based on Nelson's confession of judgment. The court may undoubtedly enforce such judgments. See, e.g., FDIC v. Aaronian, 93 F.3d 636 (9th Cir. 1996) (upholding district court's entry of judgment by confession); Atl. Leasing & Fin., Inc. v. IPM Tech., Inc., 885 F.2d 188 (4th Cir. 1989) (same).

Nelson's contention that the court has not retained jurisdiction fails.

### d. Failure to File Summons or Complaint to Enforce the Settlement Agreement

Nelson also argues that the Judgment is invalid because ORL has failed to file a summons or complaint in connection with its filing of Nelson's confession of judgment. In making this argument, he relies in great part on Boosalis Options, LP v. Farnbacher Loles Motorsports, LLC, No. 09-cv-80316, 2010 WL 335651 (N.D. Cal. Jan. 22, 2010), an unpublished case issued by a federal district court in California. Boosalis is factually distinct from the case at hand and is, therefore, unhelpful to Nelson's cause. First, the Boosalis plaintiff filed a confession of judgment as the initial document in a miscellaneous court action. Id. at *1. As the Boosalis court explained when it dismissed the action, the Federal Rules require that all civil actions must be launched by filing a proper complaint. Id. at *3. In the present case, ORL filed the confession of judgment in a case that had been properly initiated by the filing of a complaint. Second, the state substantive law that applied in the Boosalis case barred the entry of the confession of judgment. Id. at *4 ("Florida law would govern an interpretation of the confession of

---

Shell's Disposal & Recycling, Inc. v. City of Lancaster, No. 12-cv-1730, 2012 WL 5816870, at *3-4 (3d Cir. Nov. 16, 2012) (quoting Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 382 (1994)). A court may not assert jurisdiction over a suit for breach of settlement agreement when the federal "hook" is simply that the agreement called for the dismissal of an earlier federal suit. Kokkonen, 511 U.S. at 381-82.

judgment.  *Florida has a complete statutory prohibition of any agreement to confess judgment.*") (emphasis in original).   South Carolina law, on the other hand, specifically permits the entry of such judgments.  S.C. Code Ann. § 15-35-350 (2012).

Nelson is correct that no statute authorizes federal courts to enter judgments based on confessions of judgment.  Nevertheless, federal courts have the power to do so.  See Aaronian, 93 F.3d at 641; Atl. Leasing, 885 F.2d at 195.  The Supreme Court has recognized that confessions of judgment (alternatively called judgments by confession, confessed judgments, and cognovit notes) are "the ancient legal device by which the debtor consents in advance to the holder's obtaining a judgment *without notice or hearing*, and possibly even with the appearance, on the debtor's behalf, of an attorney designated by the holder."  D. H. Overmyer Co. v. Frick Co., 405 U.S. 174, 176 (1972) (emphasis added).  The Overmyer Court, in upholding the validity of a confession of judgment, stated that such documents "may well serve a proper and useful purpose in the commercial world and at the same time not be vulnerable to constitutional attack."  405 U.S. at 188.

While confessions of judgment may be properly entered without notice or hearing, courts require clear and convincing evidence that the debtor who signed the confession of judgment did so in a voluntary, knowing, and intelligent manner. Overmyer, 405 U.S. at 185-87; Aaronian, 93 F.3d at 640; Atl. Leasing, 885 F.2d at 192. It is unnecessary for a district court to "hold a hearing into the validity of a confession of judgment clause unless the debtor has pleaded facts which, if proven, would demonstrate that he did not voluntarily, intelligently and knowingly waive his right to prejudgment

notice and hearing." <u>Aaronian</u>, 93 F.3d at 641 (relying on <u>Jordan v. Fox, Rothschild,</u>

<u>O'Brien & Frankel</u>, 20 F.3d 1250, 1272 (3d Cir. 1994)).

In the instant case, Nelson initialed every page of the settlement agreement

between the parties, including the pages that contained clauses relating to the confessed

judgment.  Nelson, a sophisticated businessman, and his attorneys each signed the

settlement agreement, with Nelson's attorneys signing under the following attestation:

"As attorneys for Kenneth E. Nelson, we have explained the contents of this Settlement

Agreement and the effect thereof to the [sic] him individually and we certify that he has

signed it knowingly and voluntarily and that he understands the contents and effect of this

settlement agreement."  Settlement Agreement 20, 22.

Nelson undoubtedly signed the settlement agreement containing the confessed

judgment provision in a knowing, voluntary, and intelligent manner.  As a result, notice

and hearing were unnecessary before the confession of judgment was entered.  <u>See</u>

<u>Jordan</u>, 20 F.3d at 1272 ("[A] judgment against a reasonably sophisticated, corporate

debtor who has signed an instrument containing a document permitting judgment by

confession as part of a commercial transaction is enforceable in the same manner as any

other judgment.").  ORL filed the confession of judgment in the manner indicated by the

settlement agreement between the parties.  ORL is not suing Nelson for breach of the

settlement agreement and thus need not have filed either a summons or separate

complaint before entering the confession of judgment.

Despite Nelson's many objections, the Judgment will not be dismissed or vacated

pursuant to Rules 12(b)(1), 12(h)(3), or 59(e).  His arguments regarding subject matter

jurisdiction, standing, and the filing of a complaint and summons are unavailing; furthermore, he has not shown that it would be clear error to allow the Judgment to stand.

### B. Relief from Judgment Pursuant to Rules 60(b)(4), (6)

Nelson next argues that relief from the Judgment is proper under Rules 60(b)(4) and (6) of the Federal Rules of Civil Procedure.  Rule 60(b)(4) states that "On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding" if the judgment is void.  "[A] judgment is not 'void,' within the meaning of Rule 60(b), merely because it is erroneous.  It is void only if the court that rendered the judgment lacked subject matter jurisdiction, personal jurisdiction, or the judgment was inconsistent with due process requirements."  Coomer v. Coomer, 217 F.3d 838, at *6 (4th Cir. July 20, 2000) (Table) (citing New York Life Ins. Co. v. Brown, 84 F.3d 137, 143 (5th Cir. 1996)).  Rule 60(b)(6), a catch-all provision, also permits a court to vacate a judgment "for any other reason that justifies relief."  Relief under Rule 60(b)(6) is "warranted only upon a showing of extraordinary circumstances that create a substantial danger that the underlying judgment was unjust."  Wojcicki v. Aiken Technical Coll., No. 06-cv-00461, 2012 WL 3596161, at *2 (D.S.C. Aug. 21, 2012) (internal citation omitted).

In order to establish that Rule 60(b) relief is proper, a moving party must "make a showing of timeliness, a meritorious defense [against the claim on which judgment was entered], a lack of unfair prejudice to the opposing party, and exceptional circumstances."  Wojcicki, 2012 WL 3596161, at *2 (citing Werner v. Carbo, 731 F.2d 204, 206-07 (4th Cir. 1984)).  Relief is rarely granted under either Rule 60(b)(4) or 60(b)(6).

### a. Timeliness

Nelson's motion for relief is undoubtedly timely, as he filed the motion on August 23, 2012, only eight days after the court entered judgment based on his confession of judgment.

### b. Meritorious Defenses

In the brief that accompanies his motion to alter judgment, Nelson suggests that a number of meritorious defenses support his Rule 60(b) motion for relief from judgment. None of Nelson's defenses are availing.

#### i. Personal Jurisdiction & Subject Matter Jurisdiction

Nelson's jurisdictional defenses are without merit.  As discussed in detail above, the court has subject matter jurisdiction over this case.

The court also has personal jurisdiction over Nelson.  South Carolina's highest court has determined that a party that has signed a confession of judgment consents to the jurisdiction of the court in which the parties agreed that the judgment would be filed because a confession of judgment is equivalent to a voluntary appearance.  Triangle Auto Spring Co. v. Gromlovitz, 242 S.E.2d 430, 431 n.1 (S.C. 1978).

The settlement agreement signed by both parties indicates that Nelson's confession of judgment would be filed, if necessary, in the U.S. District Court for the District of South Carolina.  Nelson voluntarily signed both the settlement agreement and his confession of judgment; therefore, he has consented to the personal jurisdiction of this court.

#### ii. Amount of Judgment

Nelson also contends that the confession of judgment must fail because it does not comply with the requirements of South Carolina law.  Nelson argues that because the

15

amount of the judgment confessed – $4 million – far exceeds the $80,000 payment required by the settlement agreement, his confession of judgment must be considered an unenforceable penalty.

South Carolina law permits the entry of judgments by confession "either for money due or to become due or to secure any person against contingent liability on behalf of the defendant, or both." S.C. Code Ann. § 15-35-350. Confessions of judgment must be in writing and must be made and signed by the defendant. S.C. Code Ann. § 15-35-360. The confession of judgment must also meet the following statutory requirements:

> (1) It must state the amount for which judgment may be entered and authorize the entry of judgment therefor;
>
> (2) If it be for the money due or to become due, it must state concisely the facts out of which it arose and must show that the sum confessed therefor is justly due or to become due; and
>
> (3) If it be for the purpose of securing the plaintiff against a contingent liability, it must state concisely the facts constituting the liability and must show that the sum confessed therefor does not exceed the liability.

Id. Longstanding South Carolina jurisprudence makes clear that confessions of judgment may still be valid even if they state an amount less than what is actually due. See Weinges v. Cash, 15 S.C. 44, 65-66 (S.C. 1881).

This case is dissimilar from other recent cases involving confessions of judgment in that Nelson has confessed neither to the balance of the payments required by the settlement agreement nor to the amount that he and the other defendants owed the plaintiffs. See, e.g., Choice Hotels Int'l, Inc. v. Sonora Sun Mgmt. Ltd. P'ship, 162 F. App'x 247, 248 (4th Cir. Jan. 19, 2006) (Maryland law) (defendants had confessed judgment for the balance of payments owed under loan agreement); Linda Mc Co. v.

<u>Shore</u>, 703 S.E.2d 499, 501-03 (S.C. 2010) (defendants had confessed judgment for the balance of payments owed under settlement agreement). The settlement agreement stipulates that, as of June 1, 1993, HHHI owed principal and interest on promissory notes in the amount of $14,495,949.81. Settlement Agreement ¶ 4. The parties further agreed that Nelson would pay RTC $80,000 over the course of two years and would help RTC expedite the foreclosure of the hotel property at issue. <u>Id.</u> at ¶¶ 5, 6 (a)-(c). To ensure his compliance with the terms of the settlement agreement, Nelson signed the instant confession of judgment for $4 million.

Certainly, Nelson's $4 million confession of judgment greatly exceeds the $80,000 payment that he owed pursuant to the settlement agreement. Nevertheless, the amount of the confessed judgment represents a fraction of the amount that HHHI owed to Independence Federal and RTC at the time the settlement agreement was executed. Furthermore, it is axiomatic that, when construing a contract, "the main concern of the court is to ascertain and give effect to the intention of the parties. It is the court's duty to enforce the contract regardless of its wisdom or folly or apparent unreasonableness." <u>D.A. Davis Constr. Co. v. Palmetto Props., Inc.</u>, 315 S.E.2d 370, 372 (S.C. 1984). South Carolina courts permit confessions of judgment in amounts less than the amount owed, and the parties clearly intended that Nelson's $4 million confession of judgment would be entered if he breached the settlement agreement. In addition, Nelson's confession of judgment meets the state's statutory requirements by clearly stating the amount for which judgment may be entered and authorizing that entry of judgment, as well as explaining the circumstances under which the money has become due.[4]

---

[4] The latter explanation has been made through the confession of judgment's reference to the settlement agreement.

The court finds that the $4 million due – which represents 27.5% of the amount owed by Nelson, Hustad, and HHHI – is not an unenforceable penalty.  In keeping with the parties' agreement and relevant South Carolina law, the court finds that the amount of Nelson's confession of judgment is not improper.

### iii.   Statute of Limitations

Nelson also argues that ORL's claim is barred by South Carolina's three-year statute of limitations for breach of contract actions.  ORL counters that the confession of judgment is timely entered because no statute of limitations applies.  In the alternative, ORL argues that if the court does apply a statute of limitations, the confession of judgment is timely because either South Carolina's twenty-year statute of limitations for sealed instruments applies or because the three-year statute of limitations should be tolled.

Even assuming that a statute of limitations does apply in this case, the court finds that ORL timely entered Nelson's confession of judgment.  Courts that have considered the timeliness of confessions of judgment have looked to statutes of limitation to determine whether the confession of judgment was timely filed.  See United States v. Culver, 958 F.2d 39, 41 (4th Cir. 1991) (evaluating the timeliness of filing of confession of judgment with respect to the six-year statute of limitations for actions for money damages brought by the federal government); United States v. Richardson, 889 F.2d 37, 38-39 (3d Cir. 1989) (same).  In South Carolina, a civil action based "upon a contract, obligation or liability" must generally be brought within three years of the date on which the plaintiff knew or should have known that he had a cause of action.  S.C. Code Ann. §§ 15-3-530(1), 15-3-535; Richland-Lexington Airport Dist. v. Am. Airlines, Inc., 306 F. Supp. 2d 548, 566 (D.S.C. 2002).  However, when the action is based "upon a sealed

18

instrument," a twenty-year statute of limitations applies.  S.C. Code Ann. § 15-3-520(b);

Carolina Marine Handling, Inc. v. Lasch, 609 S.E. 2d 548, 550 (S.C. Ct. App. 2005).

An instrument need not have an actual seal affixed to it in order to be considered a

sealed instrument.  Section 19-1-60 of the South Carolina Code provides:

> Whenever it shall appear from the attestation clause or from any other part
> of any instrument in writing that it was the intention of the party or parties
> thereto that such instrument should be a sealed instrument then such
> instrument shall be construed to be, and shall have the effect of, a sealed
> instrument although no seal be actually attached thereto.

Courts in South Carolina construe this statute narrowly.  Inclusion of standard attestation

language, such as "IN WITNESS WHEREOF, the parties have hereunto set their hands

and seals," is not enough to indicate the parties' intent to create a sealed instrument.

Lasch, 609 S.E.2d at 551-52.  Rather, courts will find an intent to create a sealed

instrument only where the standard attestation language is accompanied by additional

indicia.  Compare Treadaway v. Smith, 479 S.E.2d 849, 855 (S.C. Ct. App. 1996)

(finding sealed instrument where agreement included standard attestation language plus

the language "SIGNED SEALED AND DELIVERED IN THE PRESENCE OF

[signatures of parties and witnesses]"), and S. Carolina Dep't of Soc. Servs. v. Winyah

Nursing Homes, Inc., 320 S.E.2d 464, 467 (S.C. Ct. App. 1984) (finding sealed

instrument where the agreement included standard attestation language plus the notation

"L.S.," the abbreviation for Locus sigilli or "the place of the seal," by the parties'

signatures), with Clifton, LLC v. Tadlock, No. 11-cv-01234, 2011 WL 909826, at *5

(D.S.C. Mar. 16, 2012) (finding no sealed instrument where the only indicia of an intent

to seal was the phrase "Signed, sealed and delivered" immediately above the parties'

signatures and the agreement did *not* include standard attestation language), and Lasch,

609 S.E.2d at 551-52 (finding no sealed instrument where only indicia of intent to seal was standard attestation language).

The settlement agreement in this case includes the following standard attestation language immediately preceding the parties' signatures:  "IN WITNESS WHEREOF, the undersigned have hereunto set their hands and seals as of this 1st day of November, 1994."  Settlement Agreement 19.  This language closely mirrors the language at issue in Lasch and, as in Lasch, the settlement agreement in this case includes neither the language "SIGNED SEALED AND DELIVERED" nor the abbreviation "L.S."  Nelson's confession of judgment similarly contains no language that indicates that it is a sealed instrument.[5]  South Carolina judicial precedent dictates that the settlement agreement and confession of judgment cannot be considered sealed instruments, and therefore are not subject to the twenty-year statute of limitations for sealed instruments.  To hold otherwise "would likely transform the twenty-year statute of limitations into the standard period of limitations for contract actions in this state."  Lasch, 609 S.E.2d at 552.  South Carolina's three-year statute of limitations for contract actions controls in this case.

Nevertheless, ORL's filing of Nelson's confession of judgment is timely because the three-year statute of limitations is equitably tolled by the length of time that GP Credit, Inc. held Nelson's confession of judgment.  Statutes of limitation may be tolled, or temporarily suspended, "[i]n order to serve the ends of justice where technical forfeitures would unjustifiably prevent a trial on the merits."  Hooper v. Ebenezer Senior Servs. & Rehab. Ctr., 687 S.E.2d 29, 32 (S.C. 2009) (internal quotation marks omitted).

> The equitable power of a court is not bound by cast-iron rules but exists to
> do fairness and is flexible and adaptable to particular exigencies so that

---

[5] While the notary's signature on the confession of judgment is sealed, Nelson's signature is not.

relief will be granted when, in view of all the circumstances, to deny it would permit one party to suffer a gross wrong at the hands of the other.

Id. at 33 (internal quotation marks omitted).

In Magnolia North Property Owners Ass'n v. Heritage Communities, Inc., 725 S.E.2d 112 (S.C. Ct. App. 2012), the South Carolina Court of Appeals determined that the three-year statute of limitations for contract actions should be tolled. In that case, developer Heritage Communities, Inc. began construction of the Magnolia North condominium complex in 1998 and turned control of the homeowners' association over to residents on September 9, 2002. Id. at 117, 125. On May 28, 2003, the association sued the developer for defects in the construction of the complex. Id. The developer argued that the statute began to run on March 8, 2000, the day that the association first met and that, therefore, the association's claims were time-barred. Id. at 125. The Court of Appeals affirmed the trial court's decision to toll the statute of limitations for the time period during which the developer controlled the homeowners' association, stating that:

> [T]he [homeowners' association] board consisted of Appellants' officers until the date of "turnover," September 9, 2002. We find unpersuasive Appellants' claim that an organization they controlled would have initiated an action against itself during this period. Further, after the property owners gained control over the POA, they exercised due diligence by filing this action on May 28, 2003, approximately eight months after assuming control.

Id.

This case presents a set of facts reminiscent of the circumstances of Magnolia North. Here, Nelson signed his confession of judgment on July 11, 1994 and tendered it to RTC pursuant to the settlement agreement signed by the parties on November 1, 1994. Settlement Agreement; Nelson's Confession of J. RTC transferred the confession of judgment to Asset Recovery & Management Services, Inc. (ARMS) on February 23,

21

1995.  Pl.'s Mot. to Substitute Party Ex. A.  ARMS then assigned the confession of judgment to GP Credit Co., LLC on November 21, 1995.  Id.  GP Credit, as the Seventh Circuit has noted, is an "entity controlled by Kenneth Nelson."  Orlando Residence, Ltd. v. GP Credit Co., 553 F.3d 550, 554 (7th Cir. 2009).  GP Credit held Nelson's confession of judgment until at least June 7, 2011, when the Wisconsin Circuit Court for Ozaukee County ordered that GP Credit turn over the confession of judgment to ORL.  Pl.'s Mot. to Substitute Ex. B (stating that GP Credit must turn over to ORL "ownership of the South Carolina judgment" and referencing a document that assigned ownership of Nelson's confession of judgment from ARMS to GP Credit).  ORL entered the confession of judgment in this case on September 19, 2011, just over four months after the Wisconsin Court's order.  Mindful of the reasoning of Magnolia North, the court holds that the three-year statute of limitations period was tolled from the date that GP Credit took control of the confession of judgment until June 7, 2011, when the Wisconsin Circuit Court ordered transfer of the confession of judgment to ORL.  As a result, ORL was well within its three-year deadline when it filed the confession of judgment, whether the statute of limitations began to run on July 11, 1994, the date that Nelson signed his confession of judgment, or November 1, 1994, the date that the settlement agreement was executed.

Entry of the confession of judgment is not time-barred.

### iv.  Merger

Nelson also asserts that even if his confession of judgment were valid, "any obligation under it ceased to exist the moment it was transferred to GP Credit in 1995." Def.'s Mot. to Alter J. 25.  The court does not agree.  Indeed, Nelson's testimony in other

court proceedings shows that his obligations under his confession of judgment persisted after GP Credit acquired it. Pl.'s Resp. in Opp'n to Mot. to Strike Ex. 1.

### c. Unfair Prejudice

After outlining his defenses, Nelson asserts that ORL would not be unfairly prejudiced if the court chose to accord him relief under Rule 60(b). In considering a Rule 60(b) motion for relief from judgment, "[t]he prejudice factor is of lesser importance." Nat'l Credit Union Admin. Bd. v. Gray, 1 F.3d 262, 265 (4th Cir. 1993). Additional legal costs, loss of leverage in settlement discussions, and the protraction of the legal proceedings, while prejudicial, are not typically considered unfair prejudice under the Rule 60(b) analysis. Id.; Werner v. Carbo, 731 F.2d 204, 207 (4th Cir. 1984).

While neither party discusses this factor in great detail, the court finds that ORL would be unfairly prejudiced if relief from judgment were granted. Granting relief from judgment pursuant to Rule 60(b) would undermine the clear terms of the settlement agreement and would frustrate the guiding principle that courts must construe contracts in a manner that gives effect to the intention of the parties.

### d. Exceptional Circumstances

Finally, Nelson has not demonstrated that "exceptional circumstances" exist that would compel the court to vacate the confession of judgment under Rule 60(b). Compare Aikens, 652 F.3d at 501-02 (no exceptional circumstances), with Nat'l Credit Union Admin. Bd. v. Gray, 1 F.3d 262, 266 (4th Cir. 1993) (exceptional circumstances existed where a lawyer who never represented the defendant filed an answer on that defendant's behalf). The court has already determined that the confession of judgment is valid and that ORL has properly been substituted as the plaintiff in this case; as a result, there appear to be no exceptional circumstances that merit relief.

The requests for relief pursuant to Rules 60(b)(4) and 60(b)(6) will be denied. Nelson does not have meritorious defenses to the judgment, ORL would be unfairly prejudiced by vacation of the judgment, and this case does not present the sort of exceptional circumstances for which Rule 60(b) relief was designed. The court will not allow Nelson to escape liability for the debts he incurred years before the Iron Curtain fell, *Seinfeld* premiered, and Hurricane Hugo devastated South Carolina's Low Country.

## IV.   CONCLUSION

In 1994, Kenneth E. Nelson, an experienced and sophisticated businessman, knowingly, intelligently, and on the advice of counsel, signed a settlement agreement in which he promised to pay RTC $80,000. To reassure RTC that he would comply with the settlement agreement, Nelson also signed a confession of judgment in which he admitted owing RTC $4 million. In the intervening nineteen years, Nelson has failed comport with the terms of the settlement agreement. As a result, ORL, the substituted plaintiff in this case, has entered Nelson's confession of judgment pursuant to the terms of the settlement agreement; the court, in turn, has entered its Judgment against Nelson. The court's Judgment was properly entered and will not be disturbed.

Based on the foregoing, the court **DENIES** defendant Kenneth E. Nelson's Motion to Alter, Amend, Vacate and Dismiss the Judgment and for Relief from Judgment, ECF No. 155. Nelson's Motion to Stay the Proceedings, ECF No. 156, is **MOOT**.

**AND IT IS SO ORDERED**.

_____
**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**March 15, 2013**
**Charleston, South Carolina**